UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 5:15-cv-2011-SJO (GJS) | Date | December 17, 2015 |
|---|---|---|---|
| Title | Michael Canda v. Randy Tews, Warden | | |

| Present: | Hon. Gail J. Standish, United States Magistrate Judge | |
|---|---|---|
| | E. Carson | N/A |
| | Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| None present | | None present |

**Proceedings:**   (IN CHAMBERS) Order to Show Cause Why Case Should Not Be Dismissed for Lack of Jurisdiction

On September 30, 2015, Canda filed a petition under 28 U.S.C. § 2241 challenging the loss of certain good conduct time. [Dkt. 1 ("Petition").] Tews filed a motion to dismiss with a declaration stating that the incident report causing the loss of good conduct time has since been expunged. [Dkt. 6 at Bourn Decl. ¶ 6.] If Tews is indeed correct that Canda's good conduct time has been restored, the case is moot because "there is nothing remaining for [the] court to decide." *Kittel v. Thomas*, 620 F.3d 949, 951-52 (9th Cir. 2010). Because mootness is jurisdictional, if the case is moot, the Court must dismiss. *See Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005).

Accordingly, on or before **January 7, 2016**, Canda must file a brief no longer than five pages explaining why Canda still needs the relief sought in the Petition. Alternatively, if Canda agrees that this action is no longer necessary, he is invited to sign and file the notice of voluntary dismissal attached to this form, which would terminate the case.

THEREFORE, Canda must file on or before **January 7, 2016** either (a) a brief no longer than five pages explaining why this action is not moot, or (b) a notice of voluntary dismissal.

**IT IS SO ORDERED.**

Initials of preparer  _efc_